## Hart *against* Hart.

H. requested B., in writing, to pay a debt for her son, adding, "You may make yourself paid out of any unsold property that is in your hands, in my favour." B. paid the debt accordingly. Held that he had no recourse beyond such funds then in his hands, and that no such indebtedness was created on the part of H. as would defeat a subsequent voluntary conveyance by H. to her children.

ERROR to the district court of *Lancaster* county.

This was a *scire facias* upon a mortgage by Daniel Fulton, administrator of Ann Hart deceased, against Jacob Hart.

Much evidence was given on either side, and many points arose in this case, but the only one which was decided by this court grew out of the facts, that Ann Hart, in her lifetime, wrote the following letter to Henry Brenneman.

"Friend Henry Brenneman, my son Benjamin is in great difficulty, on account of a note, for which Philip Albright has made himself accountable to the Farmers' Bank of Lancaster, for somewhere about 500 dollars and not exceeding 600 dollars. He has promised that James Liberius shall convey to me his undivided one fourth part of the Long Rock Island, at M'Call's ferry, which I have agreed to, on condition that you will clear Mr Albright of the sheriff of Lancaster county, for the amount of the suit brought on that note, and you may make yourself paid out of any unsold property that is in your hands, in my favour."

Henry Brenneman did afterwards assume to pay the money to the sheriff, and his administrator was sued for it by the sheriff, who recovered the money out of Brenneman's estate. Seven years after Ann Hart's death, her administrator was sued by Brenneman's administrator to recover the money paid by the latter's estate to the sheriff, and in which suit he confessed a judgment. Under these circumstances the question arose whether the letter of Ann Hart to Henry Brenneman, created such a contingent liability or indebtedness on her part, as would vitiate a voluntary conveyance of her estate to her children.

The court below (Hays, President) was of opinion that it did not.

*Norris*, for plaintiff in error.
*Champneys*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The plaintiff's counsel has stated the question in this case to be, whether the contingent liability of Mrs Hart to Brenneman, was sufficient to constitute an indebtedness which would defeat in favour of the creditor, the voluntary disposition of her pro-

[Hart v. Hart.]

perty to her sons. The only ground of the alleged indebtedness is the order of the 2d of October 1819, and we are of opinion that it created no personal responsibility from Mrs Hart to Brenneman, to whom it was directed. It was no more than a request to advance a sum of money, and pay himself out of funds belonging to her then in his possession. If he did not think proper to trust to those funds for payment, he ought to have refused to accept the order: his accepting it was an agreement on his part to look to them only for indemnity; and he could not make Mrs Hart personally responsible. This accounts for what appears by the evidence, that she never considered herself his debtor, nor is there any circumstance to show she intended to become so. There being no creditor that could be defrauded, it follows that her disposition of the property was legal.

Judgment affirmed.